United States Court of Appeals,

Eleventh Circuit.

No. 94-4768.

UNITED STATES of America, Plaintiff-Appellant,

v.

Jaime Antonio RODRIGUEZ, Defendant-Appellee.

Feb. 14, 1996.

Appeal from the United States District Court for the Southern District of Florida. (No. 93-490CR-FAM), Federico A. Moreno, Judge.

Before EDMONDSON and DUBINA, Circuit Judges, and CUDAHY[*], Senior Circuit Judge.

PER CURIAM:

This case involves a traveler who was suspected of smuggling drugs in his alimentary canal, that is, an internal drug carrier. The traveler was detained for about ninety minutes by customs agents as he entered the country. While he was detained, heroin was discovered as a result of a bowel movement;[1] but the district court ordered that the heroin pellets be suppressed. [2] The government appealed. We reverse and remand for further proceedings.

That customs agents had—from the circumstances, including the traveler's inconsistent statements—reasonable suspicion that the

_____

[*]Honorable Richard D. Cudahy, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

[1]Seventy-five heroin pellets were passed over the next thirty hours.

[2]Rodriguez sought to suppress both the pellets and some post-arrest statements made to custom officials. The district court granted Rodriguez's motion on the pellets but denied the motion on the statements. The denial of the motion to suppress the statements is not before us.

traveler was a drug smuggler is not contested. The question presented involves the significance of a clean bowel movement the traveler had soon after he was detained. The first heroin pellet was excreted in a later bowel movement. The district court concluded that the first bowel movement destroyed the previously existing reasonable suspicion. We disagree.

Once reasonable suspicion exists that a person entering the country is an internal drug smuggler, the government may detain the traveler until enough time has passed to allow the contents of the suspected smuggler's stomach to be excreted. *See United States v. Henao-Castano,* 729 F.2d 1364, 1366 (11th Cir.1984). The traveler-suspect often has some control over the length of his detention; for example, he could choose the usually speedier alternative of an x-ray examination.

We accept that there may be limits on how long police can detain a suspected internal carrier (or how many bowel movements can be required); these limits, however, have not been approached in this case where the international traveler was held only ninety minutes and when only two bowel movements were involved. *Cf. United States v. Mosquera-Ramirez,* 729 F.2d 1352, 1355 (11th Cir.1984) (approving twelve hour detention of suspected swallower who refused x-ray examination); *United States v. Onumonu,* 967 F.2d 782, 784-85 (2d Cir.1992) (approving six day detention); *United States v. Odofin,* 929 F.2d 56, 58 (2d Cir.1991) (approving 24 day detention of suspected swallower); *United States v. Yakubu,* 936 F.2d 936, 937 (7th Cir.1991) (approving 20 hour detention).

REVERSED and REMANDED.